## DILLIN & MYERS *v.* O'DONNELL, *et als.*

1. EXTRAORDINARY PROCESS. *Fiat of Clerk and Master.* A bill stating no proper ground for an attachment, either original or ancillary, under the Code, but praying process regularly against the defendant, which was served on him, and then taken for confessed; also asking a foreclosure of the deed of trust by sale of the property conveyed; the attachment was merely incidental to the enforcement of this latter right, and issued to preserve the property in custody of the law until this could be done. In this view, the attachment was extraordinary process, and could only be granted by the Court or a Judge. Issued on the Clerk's own fiat, it was void, and conferred no rights on the Sheriff.

2. SAME. *Replevin bond.* This being so, a replevin bond given to the Sheriff for the property levied on under such attachment, was not authorized by law, and no decree could properly be entered on the same.
    Code cited: §3455.

---

### FROM WARREN.

---

Appeal from the Chancery Court.    ROBERT CANTRELL, Special Chancellor.

SAVAGE & SWOFFORD for Dillon & Myers.

FREEMAN, J., delivered the opinion of the Court.

The original bill in this case was filed to attach certain property conveyed by O'Donnell to a trustee, to pay debts due to complainants. An attachment was granted on a fiat of the Clerk and Master of the Chancery Court of Warren County, and levied on

all the property sought to be attached, except two mules, by a deputy Sheriff, of said County. Process was also served on defendant. We need not discuss any question arising on this branch of the case, as defendant, O'Donnell, voluntarily came forward and entered into an agreement by which the Deputy Sheriff was authorized to sell the property attached in Warren County, and proceeds applied to payment of the debt. He cannot now complain of any irregularity or defect in the proceedings, so far as this property is concerned. It has been approriated by contract, and his debt paid to this extent.

However, on November 29, 1872, complainants filed an amended bill, in which they state, substantially, that defendant had privately removed two of the mules to Davidson County, and make a good case for an attachment against this property. Process was issued and served on defendant, under this amended bill. An attachment was issued to Davidson County under this amended bill, which appears to have been returned no property found by the Sheriff of said County. It further appears, however, that an attachment issued under the original bill to Davidson County, which was levied on the two mules carried to that County.

The defendant replevied these mules, and gave P. O'Donnell as his surety on the bond. At the hearing, the Chancellor, the bill being taken for confessed, made a proper decree, ascertaining the balance of the debt due complainants, after applying proceeds of property levied on in Warren County, and sold under the

agreement, and then proceeded to give a decree on the bond against defendant and his surety for replevin. The question is, whether this last decree is sustainable? The amended bill cannot aid any defects in the original bill in this case, as the writ was issued, and under which the property was taken, had been issued under the prayer and fiat of the orignal bill, and its validity must be tested under that proceeding. The causes for attachment, as given in the original bill, are substantially as follows:

It appears that C. O'Donnell was indebted to complainants in the sum of upwards of seven hundred dollars, due April 13, 1872. On the 13th of January, 1872, he gave a deed of trust, conveying the property to one McElroy, to secure this debt—the parties agreeing to give him twelve months further time for payment. Complainants state in this bill, that "they are informed, and believe, that said O'Donnell is about to remove himself and the property conveyed, and they are fearful he will fraudulently dispose of said property, and they will lose this debt. It will be seen that none of the causes of attachment, as set out in §3455, and sub-sections of the Code, are stated, nor is the suit brought under the provisions of said section, where the attachment is the original process, and levy on property of defendant the means of bringing him before the Court. The removal of himself is required to be a removal out of the State; and so as to the property, but sub-section 2 of §3455, where he has fraudlently disposed of, or is about fraudulently to dispose

of his property, is another ground; but this is not stated. In a word, as an original attachment, or even an ancillary one, under these sections, the bill states no proper ground for its issuance under these sections. But the bill prays process regularly against the defendant, which was served on him, and then taken for confessed. It also asked a foreclosure of the deed of trust, by sale of the property conveyed. The attachment was merely incidental to the enforcement of this right, and issued in aid of the general jurisdiction of the Court to enforce or execute the deed of trust, and, in the meantime, preserve the property in custody of the law until this could be done. In this view of the case the attachment was extraordinary process, not such as is strictly under the provisions of our Code, but such as could only be granted by the Court or a Judge. The attachment was, therefore, void, as issued by the Clerk on his own fiat, and conferred no rights on the Sheriff; the replevin bond was not authorized by law, and no decree could properly be entered on the same. The decree will be modified to this extent, but affirmed, so far as it gives a judgment against the debtor for the amount of the debt or balance due.

The costs of this Court will be paid by complainants, of the Court below by defendants.